Dear Mr. Riddle:
This office is in receipt of your opinion request dated October 15, 1997, in which you present the following issue of our consideration:
 If the District Attorney for Avoyelles Parish has pending litigation against the Avoyelles Parish Police Jury involving a dispute over the funding of his office, is he entitled to remove himself and his office from representation of the Police Jury in all other matters, including unrelated matters to the pending litigation?
As you point out, LSA-R.S. 42:261(A) mandates:
 Except as provided by Subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
This provision imposes a duty upon the district attorneys for each parish to serve as counsel for the parish governing authorities, unless Subsection C of the statute presents an applicable exception. LSA-R.S. 42:261(C) states:
 Notwithstanding the provisions of Subsections A and B of this section or of any other law, the governing authority of any parish listed in the 1970 decennial federal census as having a total population of between 70,000 and 80,000 may retain, select and/or employ, on a full or part time basis or on retainer, an attorney to serve as its regular or special attorney and in such case may fix and pay the salary or compensation of said attorney. The employment of an attorney under this authorization relieves the district attorney of responsibility.
Based on the July 1990 Federal Census, Avoyelles Parish has a population numbering 39,159 individuals. As a result, the Avoyelles Parish Police Jury may not retain or employ counsel. LSA-R.S. 42:261(D).
This prohibition is subject to the exception of LSA-R.S. 42:263. Where a "real necessity" involving the public interest is present which is evidenced by a resolution by the governing authority of the governmental entity, which is approved by the Attorney General and published in the minutes and official journal of the parish, private counsel may be employed and compensated at the rate stated on the face of the authorizing resolution.
Consequently, the Police Jury has hired special counsel pending the resolution of this issue. While there may be a conflict of interest with representation regarding the issue of office funding, whether this conflict extends to other representation is a factual determination. We direct you to the Rules of Professional Conduct which address the representation of clients with competing interests. Rules 1.7 and 1.8, in pertinent part, provide:
Rule 1.7. Conflict of interest: General rule
 Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless;
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
* * *
 Rule 1.8 Conflict of interest: Prohibited transactions
 As a general principle, all transactions between client and lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client's disadvantage.
This office cannot make a conclusion based on a determination of fact. That is best left to an administrative body or a court of law. For a ruling concerning the question of a conflict of interest in this matter, we refer you to the Ethics Advisory Committee of the Louisiana Bar Association, 601 St. Charles Avenue, New Orleans, Louisiana 70130; 1-800-421-5722 (ext. 116).
If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received: Date Released:
CARLOS M. FINALET, III Assistant Attorney General